### CINCINNATI (City) v MORTON

Ohio Common Pleas, Hamilton Co

Decided Dec 28, 1936

See also Morton v Cincinnati (city), 22 Abs 567.

John D. Ellis, City Solicitor, Cincinnati, Henry M. Bruestle, Cincinnati and Francis T. Bartlett, Cincinnati, assistant solicitors, for plaintiff.

Peck, Shaffer & Williams, Cincinnati, for defendant.

### OPINION

By BELL, J.

This is an action for money. Its basis is a claim by the plaintiff for the sum of $4,925.60 due from the defendant for inspection of certain signs, the property of the defendant, under and by virtue of an ordinance of the city of Cincinnati making a charge against the owner for such inspections by the city.

A jury was waived, and the cause submitted to the court.

The court submitted the cause to a master, who heard the testimony and by agreement of counsel made findings of fact and conclusions of law.

The cause came before the court on a motion to confirm, and a motion to reject the report of the master. The court after a hearing confirmed the report and ordered judgment entered against the defendant for $4,925.60.

Thereafter, counsel for the city asked leave to amend its petition by interlining in the prayer of the petition the words "from September 12, 1929, with interest at six per cent." This motion the court hereby grants, so that the prayer of the plaintiff's petition is: That it be awarded judgment for $4,925.60, together with interest from the twelfth day of September, 1929, at the rate of six per cent per annum.

Counsel for the defendant claims that the plaintiff is not entitled to interest, as claimed by the plaintiff, so that the question now presented is whether or not the city is entitled to interest upon the said claim found due.

In determining this question it must be kept in mind that the ordinance under consideration providing for these inspection fees does not provide for interest. It must be further kept in mind that at common law in England interest was never allowed upon any claim.

The allowance of interest on claims, under the law of England, was purely a creature of statute.

The allowance of interest in this state is also a creature of statute.

The court has considered the authorities cited by counsel for both parties, and others which have not been cited. It would seem that this rule might be deduced, that the general or special burden imposed upon persons or property for the purpose of supporting the government, or meeting general or specific public expenses do not carry or bear interest unless the statute or ordinance fixing the burden so provides.

Council of the city of Cincinnati had the right and the power if it saw fit to provide that the non-payment of these fees should carry a penalty, or interest, or both, but having failed so to do the court is of the opinion that the charges levied by this ordinance do not bear interest until reduced to judgment.

A decree may be presented entering judgment in favor of the plaintiff against the defendant in the sum of $4,925.60 and costs.