**GIFFORD v DROLLA-SCOTT CO. et**

Ohio Appeals, 2nd Dist, Montgomery. Co

No. 1603. Decided Feb. 3, 1940.

Dale Hodapp, Dayton, Ernest Cornell, for plaintiff-appellant.

Estabrook, Finn & McKee, Dayton, for defendants-appellees.

## OPINION

By HORNBECK, PJ.

The appeal on questions of law is from a judgment in favor of defendants. Plaintiff instituted this action in Common Pleas Court, Montgomery County,

Ohio, on June 6, 1938. Her cause of action is set forth in a third amended petition which we hereafter refer to as petition and is predicated upon a breach of the terms of a bond signed by defendants, The Drolla-Scott Company, as principal and Globe Indemnity Company as surety by virtue of §8624-20 GC. The bond is set out in the petition.

The petition avers that defendant dealer in the course of its business made statements and representations upon which plaintiff relied, to the effect that it could purchase securities for plaintiff which would be a good investment for her savings. Relying upon said statement plaintiff delivered to defendant dealer securities of the par value of $2500.00 and cash in the sum of $450.00 as of date on or about March 1, 1930; that it was agreed between plaintiff and said defendant dealer that it would exchange and/or purchase for plaintiff first class securities of the kind and character which defendant deemed desirable and for the best interests of plaintiff.

It is further averred that defendant dealer failed and refused to deliver any securities according to the agreement between it and plaintiff and failed and refused to return any of the money which had been advanced by plaintiff to said dealer in pursuance of said contract.

It is further averred that the conduct of the plaintiff in the transaction set out in the petition constituted a fraud upon her by said defendant licensed dealer in securities. The prayer of the petition was for money judgment against both defendants.

To this petition defendants separately demurred. The ground of the demurrer of the defendant Drolla-Scott Company, that it appears upon the face of the petition that the action was not brought within the time limited for the commencement of such action. The ground of the demurrer of defendant, Globe Indemnity Company, is that the petition does not state facts which show a cause of action.

The trial judge sustained both demurrers and plaintiff elected to plead no further. Her petition was dismissed and judgment was entered against her for costs.

It is to the judgment of the Court after the sustaining of these demurrers that the appeal of plaintiff on questions of law is prosecuted.

The demurrer of defendant, The Drolla-Scott Company, is based upon the claim that plaintiff's action is barred by either statute of limitations which may control in this case, if by §11224 GC, non-statutory fraud, in four years and if by §11222 GC, statutory fraud, in six years. Plaintiff claims that §11226 GC is the statute of limitations controlling actions on bonds given pursuant to statute, which limitation is ten years. It will be noted that the cause of action of plaintiff arose in March, 1930. Her action was instituted in June, 1938, so that if §11226 GC is controlling of the time within which her action may be brought, she is within time.

Plaintiff asserts in her brief and it fairly appears that plaintiff's action, in part at least, is predicated upon a bond given by defendants in pursuance of a statute effective as of the date of the execution of the bond and during the period when plaintiff's cause of action arose.

We have heretofore held that the limitation on such an action is defined by §11226 GC. The Citizens Banking & Savings Co. v Spitzer, Rorick & Co., and Standard Accident Ins. Co., (28 Abs 176) July 15, 1938, No. 2847, Franklin County, unreported; motion to certify overruled, 1-11-39, 11 Oh Bar 35.

The demurrer of defendant, Globe Indemnity Company is general, based upon the ground that the petition does not state a cause of action against it. This demurrer does not raise a question of misjoinder of parties.

The condition of the bond in this case is in the language of the statute, so that it is not necessary to read anything other or further into it. The pertinent part thereof is as follows: The

# 328

Drolla-Scott Company, as such dealer, shall pay, satisfy and discharge any judgment or decree that may be rendered against it in a court of competent jurisdiction in a suit or action brought by a purchaser of securities in which it shall be found or adjudged that such purchaser was defrauded in the sale of such securities. The further provision of the statute which the petition avers is carried into the bond, is the proviso that any purchaser of securities claiming to have been damaged by fraudulent misrepresentation in the sale of any security by such dealer or salesman may maintain an action at law against the dealer or salesman making such fraudulent misrepresentations; and may join as parties defendant the sureties on the bond hereinabove provided for.

Though the question of joinder of parties is not before us, it is obvious that if the right to join the defendants in this case is dependent upon §8624-20 GC it does not obtain because this part of the statute, remedial in character, was repealed in 1935.

The right of the plaintiff to recover is predicated upon a breach of the condition of the bond. If the petition does not aver a breach of its condition then it may not stand against the general demurrer.

In the case of The Citizens Banking & Savings Company v Spitzer, Rorick & Company, et, supra, we had under consideration an action predicated upon the bond of a licensed dealer in securities, the terms of which were in accord with the language of §6373-3 GC, which provided that the bond,

"shall be conditioned upon the faithful performance of all of the provisions of this act and shall also indemnify any purchaser of securities from such dealer or agent who suffers a loss by reason of misrepresentations in the sale of such securities by such dealer or agent."

The trial court entertained this action and made finding and entered judgment in behalf of the plaintiff, and thus put the stamp of approval upon the cause of action stated upon the bond, although the action was instituted more than six years after the cause of action arose and this determination was not disturbed on review. But the condition of the bond under §6373-3 GC is different from that appearing in the instant bond. In the former a breach would be established when it appeared that a purchaser of securities from a licensed dealer or his agent had suffered a loss by reason of misrepresentations in the sale of such securities by such dealer or agent. This proof of substantive fact has no reference whatever to any judgment that may have been rendered against the dealer or his agent. In the bond in this case the controlling condition enjoins an obligation upon the principal and its surety to pay, satisfy and discharge **any judgment or decree that may be rendered against the principal in a court of competent jurisdiction** in a suit or action brought by a purchaser of securities in which it shall be found or adjudged that such purchaser was defrauded in the sale of such securities. No judgment or decree has been entered against defendant, Drolla-Scott Company, principal on the bond, and, of course, none could now be rendered against it if the appropriate Statute of Limitation is invoked.

But it is urged that inasmuch as §8624-20 GC authorizes the joinder of principal and surety on the bond it is contemplated that the judgment in contemplation of the statute is upon the bond, and that it is sufficient if it be found or adjudged that such purchaser (the plaintiff) was defrauded in the sale of securities.

We are cited to the case of **Indemnity Insurance Company v Kircher, 47 Oh Ap 140.** This was an action on a bond given by favor of §8624-20 GC. Judgment was granted plaintiff against the surety upon a petition wherein there was no averment of a subsisting judgment or decree against the dealer. However, our question was not raised nor considered by the court. The decision, in our view of the statute, §8640 GC, is not controlling because we do not know

how soon after the cause of action arose plaintiff instituted suit.

We are also cited to a case arising in the Common Pleas Court of Cuyahoga County wherein the court held that in an action on a bond under §8624-20 GC the cause might proceed against the surety after the dismissal of the principal. We do not have the allegations of the petition before us and therefore can not say whether or not the petition was vulnerable in the particular challenged here.

We are satisfied to rely upon the general principle that the obligation of the makers of a bond is to be determined by the language therein employed, and that the condition in this bond is that the principal and the surety will pay a judgment or decree against the principal, and unless and until such judgment has been or on the ██ facts and under the law may be entered no cause of action arises in favor of the obligee for the reason that there has been no breach of condition.

Some unusual situations are presented in this case. Counsel seem to be in agreement that the action is one strictly on the bond. An examination of the petition is convincing that it is intended to raise an issue on the right to recover on the bond, but it also states a cause of action against the defendant dealer for common law fraud in the sale of the securities to the plaintiff. Of course, this cause of action may not proceed as against the statute of limitations.

It is our interpretation of the law that the right of action under §8624-20 GC, for fraud, common ██law or statutory, would be barred in four and six years respectively; that under the terms of §8624-20 GC, effective until 1935, the bondsmen could be joined in such an action as defendant with the dealer and when, and if, judgment was awarded against the dealer, thereupon judgment could be entered against him and the surety on the bond. Indemnity Insurance Co. v Kircher, 47 Oh Ap 140. This right of joinder was secured by virtue

of the terms of §8624-20 GC. If a judgment was taken against the dealer only under §8624-20 GC then within the ten year limitation of §11226 GC, action could be instituted against the dealer and his surety on the bond. There can be no question of the right to join the principal and the surety on the bond because their obligation is contractual and arises from the same instrument. But the right to join the dealer and his surety on the bond in an action for the dealer's tort would in the absence of statute be doubtful indeed.

We have reached the same conclusion as the trial judge, but by somewhat different processes. To summarize, it is our opinion that the ██ plaintiff could not recover in this action on her bond unless and until she had secured a judgment against the dealer because of its fraud, either statutory or common law. Whether or not this judgment could be taken in the same action where judgment is sought on the bond is not material. The plaintiff can not proceed to judgment against the dealer for fraud practiced in the sale of securities to her because the statute of limitations which is interposed by the demurrer of defendant dealer precludes such action. This is not necessarily true because the petition does not aver that there is a subsisting judgment in favor of the plaintiff against the defendant dealer, but because it appears from the petition that such a judgment can not be secured against the dealer when the statute of limitations is interposed which has been done. Thus the petition after the ██ statute of limitations has barred a judgment against the dealer does not state a cause of action on the bond either against the dealer or against its surety.

The demurrer of the defendant, the Drolla-Scott Company, was properly sustained as was the general demurrer of the surety defendant Globe Indemnity Company.

Judgment affirmed.

GEIGER & BARNES, JJ., concur.